IRVINE J. KITTINGER, Appellant, *v.* THE CHURCHILL EVANGELISTIC ASSOCIATION, INC., and Another, Respondents, Impleaded with HIRAM W. DEYO and Another, Defendants.

Fourth Department, November 10, 1933.

*F. Paul Norton* [*William C. Carroll* of counsel], for the appellant.

*Edward L. Jung* [*Charles Diebold, Jr.*, and *Ralph K. Robertson* of counsel], for the respondents.

SEARS, P. J. The order appealed from dismisses the plaintiff's complaint on the ground that the plaintiff had not capacity to sue. The defendants' motion to dismiss was made under the provisions of subdivision 3 of rule 107 of the Rules of Civil Practice. The order upon which the motion was brought on required the plaintiff to show cause " why the complaint herein should not be dismissed and the defendants have judgment accordingly, upon the ground that the plaintiff is not a party in interest and has not legal capacity to sue, he — said plaintiff — having resigned as a trustee under the voting trust agreement in the complaint set forth, his resignation duly accepted and his successor as such trustee duly appointed, long prior to the commencement of this action; and why such other and further or different relief as by the Court may be deemed proper should not be granted." The complaint shows that the defendant corporation was incorporated as a stock corporation, under the Business Corporations Law in April, 1920, for the purpose, as declared in its certificate of incorporation, of promoting evangelistic work and furthering the preaching of the gospel; that on the 5th day of November, 1924, the defendant Clinton H. Churchill, the plaintiff and Sarah H. Churchill, not a party to this action, executed a voting trust agreement, wherein the defendant Clinton H. Churchill, the plaintiff and the defendant Hiram W. Deyo were named as trustees, which recited that the plaintiff, the defendant Clinton H. Churchill and Sarah H. Churchill acquired and held their stock only as trustees to further the work

of the association and not for their private gain and provided as follows:

" 1. That said parties of the first part [the defendant Clinton H. Churchill, the plaintiff and Sarah H. Churchill] shall assign and deliver their respective stock certificates to the trustees who shall cause the stock represented thereby to be transferred to themselves as voting trustees or their successors in office on the books of the corporation.

" 2. The voting trust hereby declared and created shall continue for the full terms of ten years from the date hereof and throughout such period the trustees shall have the exclusive right to vote upon such stock or to give written consents in lieu of voting thereon, in person or by proxy, at any and all meetings of the stockholders of said corporation, for whatsoever purpose called or held, and in any and all proceedings, whether at meetings of the stockholders or otherwise, wherein the vote or written consent of stockholders may be required or authorized by law.

" 3. At the expiration of the term of the trust hereby created, the trustees then in office are hereby authorized and empowered to make a new voting trust agreement for a further term and deposit all of the stock of the association thereunder, and the trustees in office at the expiration of the term of said renewal trust and of any subsequent renewal thereof are hereby authorized and empowered to do likewise.

" The trustees in office at the expiration of this trust or the expiration of any renewal thereof are hereby authorized and empowered to make any other disposition of the stock that seems to them to be for the best interest of the Association and they are hereby given complete discretion in the matter and their power hereby granted is not limited or abridged by anything hereinbefore contained."

The complaint also alleged that the stock certificates were not assigned to the voting trustees; that new certificates therefor were not issued to such trustees, and that an entry of such ownership was not made in the proper corporate books, pursuant to the provisions of section 50 of the Stock Corporation Law. Upon the argument of the motion, however, proof was produced by the defendants that the stock certificates were assigned to the voting trustees and proper transfers made upon the corporate books and new certificates issued to the voting trustees, complying with the statute. The plaintiff, upon the argument, conceded the facts in these respects to be as shown by the defendants.

The complaint demanded judgment as follows:

" *First.* That this court construe, ascertain and determine

whether or not the alleged Voting Trust Agreement * * * is a valid, legal and subsisting Voting Trust Agreement, and that, in the event the same is determined to be a valid and legal trust, the rights, powers and duties of the Trustees thereunder be defined, determined and declared.

" *Second.* That in the event it is adjudged, determined and declared that the said instrument is a legal and valid Voting Trust Agreement, it be adjudged that this plaintiff is a voting trustee thereunder, charged with the powers and duties of such voting trustee and entitled to the rights of such voting trustee.

" *Third.* That the plaintiff and any of the parties hereto have such other and further relief in the premises as to the Court may seem just and proper."

Proof by affidavit was presented by the defendants showing that certain correspondence had passed between the plaintiff and the corporation defendant, and that in a letter dated February 21, 1930, plaintiff wrote as follows: " I wish to herewith tender my resignation as Treasurer and Trustee of the Churchill Evangelistic Association, feeling that the affairs of this body should be in the hands of someone who can take a more active part in the growing business demands of this Association, and be in closer touch with the management." This communication of the plaintiff was treated by the defendant corporation and the other voting trustees as a resignation of the plaintiff, not only of his offices as director and treasurer of the defendant corporation, but also of his position as a voting trustee. The defendants contend that this letter of resignation was in fact a resignation as a voting trustee. Upon such a construction of the letter, the defendants have sought and obtained a dismissal of the complaint on the theory that being no longer a voting trustee, the plaintiff has not capacity to sue.

The provision for dismissal of the complaint where the plaintiff has not the capacity to sue (Rules Civ. Prac. rules 106, 107) has reference to some legal disability such as infancy, or lunacy or want of title in the plaintiff to the character in which he sues. There is a difference between capacity to sue, which gives the right to come into court, and possession of a cause of action, which gives the right to relief in court. (*Ward* v. *Petrie*, 157 N. Y. 301; *Bank of Havana* v. *Magee*, 20 id. 355; *Ullman* v. *Cameron*, 186 id. 339.) The plaintiff is an individual suing as such. He is under no disability, and sues in no representative capacity. He is entitled to bring his suits before the court, and to cause a summons to be issued, the service of which upon the

defendants brings the defendants into court. There is no lack of capacity to sue.

Even if on this motion it was open to the defendants to contend that the plaintiff, after resigning as a voting trustee (a fact we are assuming but not determining) had no interest in the cause of action he alleges, still the complaint is not insufficient for lack of capacity to sue. The plaintiff was a stockholder when he executed the voting trust agreement. By that agreement he made the voting trustees the legal owners of his stock, but only for a limited purpose, namely, to exercise the voting power. He separated the voting power from his beneficial ownership of the shares which he transferred, but the beneficial interest in the shares he retained. (*Matter of Morse*, 247 N. Y. 290.) The voting trust agreement recites that the makers of the agreement, including the plaintiff, held their respective shares " as trustees to further the work of the Association and not for their own private gain." The legal implications of this quoted language are obscure. It is certain, however, that the voting trustees obtained their entire right from an act of the stockholders. The title of the voting trustees is dependent upon the title of the shareholders. It cannot be said that on the face of the complaint the plaintiff and the other makers of the voting trust agreement did not, after the execution of the agreement, still retain some personal right in the stock, whatever their obligation " as trustees to further the work of the Association " may have been. This remaining interest was a personal interest and does not appear to have been transferred since the execution of the agreement and is a sufficient interest upon which to base a complaint in an action for a declaratory judgment as to the validity and construction of the various clauses of the voting trust agreement. Even on the assumption as found by the justice who heard the motion at the Special Term that the voting trust was valid for ten years (a matter upon which we express no opinion as it is not before us), the plaintiff still retained a sufficient present interest in his stock upon which to base an action for a declaratory judgment to construe the provisions of section " 3 " of the voting trust agreement.

The granting of a declaratory judgment is discretionary. (Civ. Prac. Act, § 473; Rules Civ. Prac. rule 212; *James* v. *Alderton Dock Yards*, 256 N. Y. 298; *Newburger* v. *Lubell*, 257 id. 383.) On the motion to dismiss the complaint under subdivision 3 of rule 107 of the Rules of Civil Practice, the exercise of discretion as to entertaining the action was not called for. It was a denial of the plaintiff's claim as stated in his complaint as a matter of right which was demanded.

We reach the conclusion that even if we give the phrase " capacity to sue " the interpretation contended for by the defendants, namely, the capacity to bring the particular action, we find such capacity present.

In our decision we are not passing upon the matters discussed by the justice who heard the matter at Special Term in his opinion. We express neither agreement nor disagreement with his statements as to the effect of the plaintiff's resignation or the validity of clause " 2 " of the voting trust agreement. Our decision is merely to the effect that the complaint is not insufficient on the ground upon which it was attacked.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to dismiss denied, with ten dollars costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON and CROSBY, JJ.

Order reversed, with ten dollars costs and disbursements, and motion to dismiss complaint denied, with ten dollars costs.