LOLITA GARGIULO, Plaintiff, *v.* SILVIO GARGIULO, Defendant.

Supreme Court, Special Term, New York County, February 16, 1955.

*S. Earl Levine* and *Max Bollt* for defendant appearing specially.

*Joseph Shalleck, Jacob M. Mandelbaum* and *Leonard C. Shalleck* for plaintiff.

MATTHEW M. LEVY, J. What has made this matter somewhat difficult of disposition is the procedure adopted by the defendant in bringing the issues before the court. On the basis of. the complaint and supporting affidavits the defendant has moved '' for an order setting aside the service of the summons and directing judgment dismissing the complaint pursuant to subdivisions 1 and 2 of rule 107 of the Rules of Civil Practice, upon the grounds that the court has not jurisdiction of the subject matter of the action, and that the plaintiff has no legal capacity to sue.'' In one of his affidavits, the defendant urges further '' that this court has no jurisdiction over me '', and in another

his attorney states that " the court has no jurisdiction over the person of the defendant." The defendant specifies in his papers that he is " Appearing specially for the purpose of this motion only ".

Let me note at the outset that the problem here is one solely of jurisdiction of the court over the subject matter of the action in the light of the residential requirements mandated by the applicable statute. Since the plaintiff is concededly of age and of sound mind, and otherwise being *sui juris*, she has (plainly enough) adequate capacity to sue. And since the defendant was served personally in this State with the process of this court, his claim that he is not personally subject to its jurisdiction is patently specious. Aside from any issues that come to mind because the defendant has ignored section 237-a of the Civil Practice Act (enacted in 1951, and providing for a defendant's special appearance), let me point out that rule 107 results in dismissal of a complaint for meritorious claim of valid objection made pursuant thereto. It does not reject a complaint because service of process is bad, or because the court does not have jurisdiction of the person of the defendant. Thus, if one or both of defendant's objections under subdivisions 1 and 2 of rule 107 were sustained, the court would grant the motion to dismiss the complaint but would not vacate the service of the summons. The defendant is in this action, and he cannot get out by contesting the service of the summons upon him within the geographical jurisdiction of this State, but by supporting his claim of objection to the pleading pursuant to subdivision 1 of rule 107.

Now, as to the merits of the application. The plaintiff wife sues for separation. The parties were married in Georgia on April 18, 1953. The suit was commenced on October 6, 1954, by the personal service of the summons and complaint upon the defendant husband in New York City. And, as previously noted, the fundamental question for disposition is the court's jurisdiction over the subject matter of this action — and that depends upon the residences of the respective parties at certain relevant times, as required by the statute, and whether the affidavit and documentary proof before me is adequate upon which to base a determination.

Section 1165-a of the Civil Practice Act, which prescribes the " *Conditions attached to maintenance of action for annulment or separation* ", provides (in the case of an out-of-State marriage) that such an action may be maintained " 1. Where both parties are residents of the state when the action is commenced ",

or " 3. Where * * * either the plaintiff or the defendant is a resident of the state when the action is commenced, and has been a resident thereof for at least one year continuously at any time prior to the commencement of the action ". In her complaint, the plaintiff does not seek to come within the purview of subdivision 3, but alleges only that " at the time of the commencement of this action the plaintiff and defendant are residents of the City, County and State of New York ". This the defendant denies. He affirmatively claims that he is and has for many years been a resident of Cuba, that the plaintiff's residence before her marriage was Florida and that her matrimonial domicile is Cuba. In affidavits in reply to the defendant's motion, the plaintiff claims primarily that both parties were residents of this State when the action was commenced, but that in any event she was such resident at that time (Civ. Prac. Act, § 1166), and had been a resident in this State at some time before her marriage for one continuous year prior to the institution of suit.

After careful study of all the proofs presented to me, I have decided that the residential issues in dispute can be disposed of only upon a hearing, and that they should be disposed of at the time of the trial of the action in chief. While I would doubtless direct a preliminary hearing before a referee (as requested by the plaintiff) if a substantial issue were raised as to jurisdiction of the court over the person of the defendant, I do not think that procedure is indicated where the sole problem is one of jurisdiction of the court over the subject matter of the action, and where, as here, the solution of that problem may be factually interrelated with an issue that is to be tried in the case in chief. In this case, jurisdiction may be dependent upon the plaintiff's residence at the time of the commencement of the suit for separation, and that in turn may have been affected by the conduct of the defendant towards the plaintiff (and the plaintiff's attitude in that regard) which it is claimed has given cause for the desire for a separation. Since in the circumstances, the contested issues of residence and separation are (at least in part) interwoven, it would serve no useful purpose to direct a separate hearing as to jurisdiction (*Taubenfeld* v. *Taubenfeld,* 276 App. Div. 873, 918).

While there appears to be no issue raised in the papers as to the verity of the plaintiff's former residence in this State for the requisite period, there is a sharp dispute as to (1) whether the plaintiff was a resident here at the time suit was instituted, (2) whether the defendant resided here at that time, and

(3) whether the defendant resided here for a year continuously at any time prior thereto. The defendant insists that items 1 and 2 are the only issues presented by the allegations of the plaintiff's complaint — and that is true. But I have come to the conclusion that on the basis of all of the facts presently in the record the plaintiff should be permitted to go further. Accordingly, consistent with rule 108 of the Rules of Civil Practice, I shall allow the plaintiff to amend her complaint so as to seek to come within the provisions of subdivision 3 of section 1165-a of the Civil Practice Act (as well as subd. 1, which was the sole jurisdictional claim invoked in the present complaint). And the defendant may (upon receipt of the amended complaint) rely upon alleged lack of jurisdiction of the court over the subject matter of the action either by way of denial or affirmative defense.

Settle order accordingly.