HEBREW HOME FOR ORPHANS AND AGED OF HUDSON COUNTY, NEW JERSEY, Plaintiff, *v.* EUGENE FREUND et al., Defendants.

Supreme Court, Special Term, Bronx County, June 2, 1955.

*Myron Epstein* for Eugene Freund and another, defendants.

*A. E. Robert Friedman* and *David Novick* for plaintiff.

MATTHEW M. LEVY, J. On this motion by certain defendants to dismiss the complaint in pursuance of subdivision 2 of rule 107, subdivision 5 of rule 107 and rule 212 of the Rules of Civil Practice, I shall briefly state the facts as disclosed by the pleading and the affidavits.

In 1924 the defendant Adele Freund was the owner in fee of certain premises in the Bronx. In that year she executed and delivered to Matilda Freund, her mother-in-law, a bond in the sum of $10,000 secured by a mortgage on these premises. The principal of the bond was payable on demand with usual interest.

In 1947, Matilda appears to have assigned the mortgage to the defendant Eugene Freund, her grandson, and at the same time apparently delivered the bond and mortgage to him. In 1948, Adele conveyed the premises to the defendants Luciano and Pintarelli, who gave Eugene a mortgage for $5,000. An agreement purporting to consolidate the two mortgages into one of $15,000 was entered into by the defendants. In 1952 Matilda was admitted as a resident in the plaintiff's home for the aged, in consideration of the conveyance to the plaintiff by Matilda of certain of her assets. At the time, among the items delivered by Matilda was an assignment by her to the plaintiff of the $10,000 mortgage which she had received in 1924 from Adele — but without the underlying documents of bond and mortgage (which were in Eugene's possession). All conveyances, assignments and agreements involving the realty were recorded. No payments of interest or principal have been made to Matilda on the bond and mortgage since 1924. The plaintiff asserts that it first learned of the existence of the claimed 1947 assignment from Matilda to Eugene and of the 1948 mortgage and consolidation in Eugene's favor when, after the assignment to it in 1952, it caused record title to be searched. Alleging that the assignment from Matilda to Eugene was not in fact executed by Matilda and is a forgery, the plaintiff sued in 1954 for a judgment declaring that the assignment which it holds is valid, and that the one which the defendant Eugene holds is void, and the plaintiff also seeks other incidental equitable relief.

The defendants Freund move for dismissal of the complaint on the following grounds: (1) that since the assignment to the plaintiff was not accompanied by physical delivery to the plaintiff of the bond and mortgage, the plaintiff does not have title to the bond and mortgage and therefore has no legal capacity to sue and no standing to maintain an action on the bond and mortgage (Rules Civ. Prac., rule 107, subd. 2). (2) That any claim which the plaintiff may have has been outlawed by the Statute of Limitations (Rules Civ. Prac., rule 107, subd. 5). (3) That the court, in the exercise of its discretion, should decline to entertain this action for a declaratory judgment, in that such action is not necessary nor can it serve any useful purpose, as the plaintiff, if it has any cause of action at all, can secure adequate relief by recourse to other existing forums and actions (Rules Civ. Prac., rule 212). I find no merit in the motion or in any of its phases.

The application to dismiss the complaint on the alleged ground that the plaintiff lacks legal capacity to sue rests upon a mis-

apprehension of the meaning of the term. (See *Gargiulo* v. *Gargiulo,* 207 Misc. 427.) Subdivision 2 of rule 107 of the Rules of Civil Practice relates to a plaintiff's right to come into court, and not to his possessing a cause of action. In *Kittinger* v. *Churchill Evangelistic Assn.* (239 App. Div. 253) the applicable principle is stated (pp. 256, 257): " The provision for dismissal of the complaint where the plaintiff has not the capacity to sue (Rules Civ. Prac., rules 106, 107) has reference to some legal disability such as infancy, or lunacy or want of title in the plaintiff to the character in which he sues. There is a difference between capacity to sue, which gives the right to come into court, and possession of a cause of action, which gives the right to relief in court. (*Ward* v. *Petrie,* 157 N. Y. 301; *Bank of Havana* v. *Magee,* 20 id. 355; *Ullman* v. *Cameron,* 186 id. 339.) The plaintiff is an individual suing as such. He is under no disability, and sues in no representative capacity. He is entitled to bring his suits before the court, and to cause a summons to be issued, the service of which upon the defendants brings the defendants into court. There is no lack of capacity to sue." Similarly here. By not receiving delivery of the bond and mortgage it may be urged that the plaintiff did not get title to them under the assignment — but that does not mean that it can be asserted that the plaintiff is not *sui juris* and therefore has no capacity to sue.

I shall assume for present purposes that, by this branch of their motion, the moving defendants intended to attack the complaint — and seek to have it dismissed — upon the ground of legal insufficiency in that the plaintiff fails to show due assignment of the bond and mortgage. Even on the basis of this premise, the motion must be denied. For it is adequately asserted by the plaintiff — in complaint and affidavit — that it does have title to the bond and mortgage or, at the least, the right thereto. Certainly in the circumstances pleaded and proved here, the contention that the plaintiff does not have the right to title — merely because the delivery of the assignment, unaccompanied as it was by physical delivery of the bond and mortgage, is ineffectual to pass title — is not a matter that can be disposed of summarily on the present submission. " A delivery of the bond and mortgage to defendant was not essential to vest title to the same in defendant. Neither was * * * [defendant] required to assert ownership of the same by demanding possession thereof from plaintiffs." (*Davin* v. *Isman,* 228 N. Y. 1, 8.)

For their second ground of dismissal, the moving defendants rely upon subdivision 5 of rule 107 — the defense of the Statute of Limitations. Section 47-a of the Civil Practice Act (urged by the moving defendants as a bar) prescribes the time limitation for actions on bonds and mortgages. This is not such an action. The present suit is one for a declaratory judgment. The existence of an actual controversy is a necessary requisite to an action of this nature (*James* v. *Alderton Dock Yards,* 256 N. Y. 298), and the statute does not begin to run as against such an action until the controversy, which is the subject of the action, is known to exist (*Pollack* v. *Josephy,* 162 Misc. 238; 1 Anderson on Declaratory Judgments [2d ed.], § 341; 151 A. L. R. 1076 *et seq.*).

The third ground for dismissal, that, in pursuance of rule 212 of the Rules of Civil Practice, the court in its discretion should refuse — even before trial — to entertain this action for declaratory judgment, is also overruled. Some of the issues involved could perhaps be raised in a foreclosure action brought by the plaintiff, and if the present owners of the fee were in default in the payments due on the mortgage, foreclosure would probably be a useful action to bring. But the defendants Luciano and Pintarelli have no interest in the controversy between the other litigants — indeed, they have defaulted in the present action. It is to be remembered that the defendant Eugene is receiving payments from the owners (or at least so the complaint alleges) and that he claims to be entitled to them as against the plaintiff. In these circumstances, it is proper for the court to exercise its discretion and entertain the action for a declaratory judgment. The parties are in dispute over a lien — in short, over who has and is entitled to the lien. When there are conflicting claims or doubtful questions relating to title to real property or the rights and liabilities under a mortgage are to be determined, actions for declaratory judgments are effective and properly maintainable (Borchard on Declaratory Judgments [2d ed.], 139, 140, 595, 597; 2 Anderson on Declaratory Judgments [2d ed.], § 500).

The defendants' motion to dismiss the complaint is denied, with leave to answer. Order signed.