Jacob J. Schwartzwald, J.
Motion by defendant under rule 106 of the Rules of Civil Practice for judgment dismissing the complaint on the ground (1) that plaintiffs have not legal capacity to sue and (2) that the complaint and each of the causes of action alleged therein do not state facts sufficient to constitute a cause of action.
The action is in equity to impress a trust upon real property and bank accounts and for an accounting. The complaint alleges that various parcels of real estate were purchased by the deceased, father of the parties to the action, paid for with his funds and title taken in the name of defendant; that defendant orally agreed to hold said properties in trust for the decedent and to reconvey same to him; that various bank accounts were likewise opened in the name of the defendant; that the father died more than a year since; that defendant retains title to several pieces of real estate and the bank accounts and has failed and refused to account therefor and that plaintiffs and defendant are the sole heirs and distributees of the decedent.
The complaint seeks judgment declaring the defendant to be a trustee for the benefit of decedent, that the unsold real estate and the bank accounts be deemed to be held in trust for the benefit of the estate of decedent and that defendant account therefor.
Defendant urges that plaintiffs have no legal capacity to sue and that it is apparent from the complaint that the action can be maintained only by a representative of the estate and not by the plaintiffs in their individual capacity. “ Such attack is without weight inasmuch as a challenge on that basis goes to disqualification such as is occasioned by the incapacity of infancy or lunacy or want of title in the plaintiff in the character in which he sues.” (Lesser v. Ringelheim, 154 N. Y. S. 2d 554, 557. See, also, Quinlan v. General Motors Corp., 7 Misc 2d 22.) The cases cited by defendant are inapposite in their facts or distinguishable in law.
That part of defendant’s motion which seeks to dismiss the complaint on the ground of failure to state facts sufficient to *561 constitute canses of action is also untenable. Giving the complaint the benefit of every reasonable intendment to which it is entitled on a motion of this character, it sufficiently alleges causes of action for the enforcement of a trust orally declared, except as to the third cause of action, within the purview of such cases as Foreman v. Foreman (251 N. Y. 237); Sinclair v. Purdy (235 N. Y. 245); Pattison v. Pattison (301 N. Y. 65); Wood v. Rabe (96 N. Y. 414, 426).
I am of the opinion that plaintiffs have legal capacity to sue and that the first, second and fourth causes of action sufficiently plead causes of action for the impressing of a constructive trust and for an accounting. However, the third cause of action, which seeks to set forth a cause of action grounded in fraud and undue influence fails to contain any ultimate facts in support thereof and this cause of action is legally insufficient.
The motion is granted as to the third cause of action, with leave to plaintiffs to replead within 10 days after service of a copy of the order to be entered hereon, if they be so advised. The motion is in all other respects denied.
Settle order on notice.