Walter R. Hart, J.
Defendant moves for various relief including the dismissal of each of the four causes of action alleged in the amended complaint for insufficiency. This same challenge was heretofore made by motion and decided by Mr. Justice Soh wartzwald (15 Misc 2d 559) who determined that the first, second and fourth causes of action wore sufficiently pleaded. The motion, however, was granted as to the third cause of action with leave to plead over. A notice of appeal was filed by defendant from the order entered on that decision. The parties stipulated that further action relating to the repleading of the third cause of action be deferred until the disposition of the appeal. Subsequently the Appellate Division dismissed the appeal for lack of prosecution. Accordingly plaintiffs served an amended complaint repleading the first, second and fourth causes of action in haec verba and added certain. factual allegation to the third cause of action.
Plaintiffs cogently contend that the law of the case has been established with respect to the first, second and fourth causes of action by the order entered on the prior motion. Defendant, on the other hand, maintains that since plaintiffs served an amended complaint the original one falls and that each of the causes of action may be attacked de novo. The short answer to this contention is that the third cause of action, and not the complaint, was amended. The sufficiency of the complaint was not in the first instance challenged but the attack was directed separately to each of the four causes of action. Accordingly, as to this branch of the instant motion we need but consider the sufficiency of the third cause of action which was heretofore dismissed. In his opinion on the original motion Mr. Justice Sohwartzwald stated: “ the third cause of action, which seeks to set forth a cause of action grounded in fraud and undue influence fails to contain any ultimate facts in support thereof ” (15 Misc 2d 559, 561). An examination of the third cause of *492 action, as amended, discloses that the infirmities found in the original pleading by Mr. Justice Schwartzwald have been cured and that the third cause of action as now pleaded states sufficient ultimate facts to constitute a cause of action.
Defendant further moves to make more definite and certain various allegations in each of the four causes of action. Corrective motions pursuant to rules 102 and 103 of the Buies of Civil Practice must be made within 20 days after the pleading has been served. The motion, insofar as it relates to the first, second and fourth causes of action, is therefore untimely. With respect to the alleged indefiniteness appearing in paragraphs TWENTY-NINTH, THIRTY-SECOND and THIRTY-FOURTH Set fourth in the amended third cause of action, it is the court’s conclusion that there is no vagueness with respect thereto. The details and data defendant seeks can and should be furnished in a bill of particulars.
With respect to that branch of the motion seeking pursuant to rule 103 of the Buies of Civil Practice to strike certain portions of the complaint on the ground they are ‘ ‘ irrelevant, redundant, repetitious and unnecessary,” the court has considered only those embraced within the third cause. of action. Assuming arguendo that the cause of action were defective in the respect urged by defendant, it does not appear that it is prejudicial. Since they have some bearing on the subject matter, they will n'ot be stricken (Wayte v. Bowker Chem. Co., 196 App. Div. 665; Gerseta Corp. v. Silk Assn. of America, 220 App. Div. 302).
Accordingly, defendant’s motion is denied in all respects. Defendant may have 10 days after service of a copy of the order to be entered herein with notice of entry thereof to serve her answer.
Settle order on notice.