S. Samuel Di Falco, S.
An action in equity was instituted in the Supreme Court by Sofia Kangrga and Mila Kangrga for a judgment directing the ancillary administrator c. t. a. to account to the plaintiffs for property collected by him as fiduciary in New York and impressing a trust upon the property for the use and benefit of the plaintiffs. The plaintiffs are residents of Yugoslavia. The testator was domiciled in Argentina where his will was established. The causes of action set forth in that complaint were based upon alleged agreements which were said to have been executed in Argentina. The issues that were formulated in that action had also been raised in the proceeding for the settlement of the account of the ancillary administrator c. t. a. which was pending in this court. The Supreme Court action was transferred to this court, together with a pending motion to dismiss the complaint. This court expressed the opinion that the dispute was one that should be settled in the domiciliary jurisdiction. It said: “ The dispute is between residents of Yugoslavia and Argentina and as the contract pursuant to which the objectants seek to establish the trust was originally *399 made in Argentina, this court in the exercise of its discretion, will not take jurisdiction and the motion to dismiss the complaint and objections is accordingly granted in all respects (Matter of Bajkic, N. Y. L. J., Aug. 24, 1959, p. 4, col. 7, affd. 10 A D 2d 621, motion for leave to appeal denied 10 A D 2d 845, cert, denied sub nom. Kangrga v. Bajkic, 364 U. S. 916, rehearing denied 364 U. S. 944.)
Following the refusal by the United States Supreme Court to grant certiorari, a new action was instituted against the same defendants by a resident of the State of New York, who alleges that prior to the commencement of the present action the plaintiffs in the prior action ‘ ‘ duly assigned to plaintiff all their respective right, title and interest in and to the claims and cause of action hereinafter set forth.” The complaint sets forth the same cause of action as the original complaint, alleging an agreement whereby the decedent undertook to bequeath his assets to the individual defendants upon their agreement to hold them for the benefit and use of the plaintiff’s assignors. This action was also transferred to this court by the Supreme Court. Prior to the transfer, the administrator c. t. a. moved under rule 107 of the Buies of Civil Practice to dismiss the complaint “ on the ground that the plaintiff has not legal capacity to sue, and for such other and further relief as may be proper in the premises. ’ ’ The motion to dismiss the complaint was referred to this court. Pursuant to rule 108, the issue respecting the plaintiff’s right to sue was set down for hearing before this court.
The objection to the plaintiff’s legal capacity to sue is predicated upon the claimed invalidity of the two assignments upon which the plaintiff bases her cause of action. These assignments were executed in Yugoslavia, and it is charged that they are in violation of the laws and regulations of that country governing the assignment of foreign assets. The Yugoslavia Foreign Exchange Law makes invalid any legal transaction within its purview unless an authorization or a license be obtained. Bach side called as a witness an expert in the law of Yugoslavia. There is no doubt that it is illegal for a resident of Yugoslavia to transfer to a nonresident assets located outside Yugoslavia without a license from the Government of Yugoslavia. It seems clear from all of the testimony that an absolute assignment of all of the rights of the original plaintiffs would be invalid under the law of the place where the assignments were made unless a license were obtained from the Government of Yugoslavia. The two experts do not appear to be in disagreement on the fundamental rules that are applicable. The real difference between the two is in the view they take of the character of the assignments.
*400 The plaintiff’s expert testified that the assignors “ could be obliged to apply for a license only in case if this money will never come back to Yugoslavia.” The basis for his belief that an absolute assignment nevertheless requires the return of the property to Yugoslavia was not at all clear until, on redirect examination, he was questioned in respect of an affidavit made by the present plaintiff in which she said: “ Upon the termination of this action and after receipt of any recovery against the defendants, named herein, I have agreed with my assignors that I would transmit to them the entire proceeds of such recovery after deduction of the costs of the same and attorneys’ fees therein. This agreement is oral and was transmitted to the assignors by persons authorized by me to transmit my said promise and the same is separate and apart from the assignments given to me by said assignors respectively. ’ ’ It was his opinion that the assignment was an absolute assignment, but that the collateral agreement for the funds to ‘‘ flow back ’ ’ to Yugoslavia was in complete harmony with Yugoslavia law, made the entire transaction legal and required no license.
The defendant’s expert did not disagree with this rule of law. He testified: “ At first you have an assignment. For this assignment you have to have the license. If you then later revoke this assignment and make another arrangement, just a power to represent and collect the claim, that is something different. For this, for an agreement to represent a Yugoslav citizen here in this country and to collect for this Yugoslav citizen the money, you don’t have — you don’t need a license because there is no change in the subject of the claim.”
We must bear in mind the difference between legal capacity to sue and a legally sufficient cause of action. ‘ ‘ The one is the right to come into court, while the other is the right to relief in court.” (5 Carmody-Wait, New York Practice, p. 20; Ward v. Petrie, 157 N. Y. 301, 311; Kittinger v. Churchill Evangelistic Assn., 239 App. Div. 253, 256.) “ The provision for dismissal of the complaint where the plaintiff has not the capacity to sue (Rules Civ. Prac., rules 106, 107) has reference to some legal disability such as infancy, or lunacy or want of title in the plaintiff to the character in which he sues.” (Kittinger v. Churchill Evangelistic Assn., supra, p. 256.) The case last cited used language which can be applied readily to this case. The court said: ‘ ‘ The plaintiff is an individual suing as such. He is under no disability, and sues in no representative capacity. He is entitled to bring his suits before the court, and to cause a summons to be issued, the service of which upon the defendants brings the defendants into court. There is no lack of capacity *401 to sue.” Here, too, the plaintiff is an individual suing in her own name; she is under no disability. The case now before the court is different from those where the plaintiff is required to possess a license in order to maintain an action to recover for services rendered. (See Low v. Capitol Wine & Spirit Corp., 272 App. Div. 703 and cases cited.) It is not suggested that plaintiff must prove a license in order to sue in our courts, but rather that illegality has so infected her cause of action that it is not enforcible in any court. It would seem that the defendant’s argument goes to the sufficiency of the plaintiff’s cause of action rather than to her legal capacity to sue.
However, even if we reach the question of the legality of the assignments, it seems to be conceded by both experts that no license is required under Yugoslavian law and there is no consequent illegality if the plaintiff has agreed to collect the assets and return the net proceeds to the assignors. It appears from the record herein that this is what has been done in the present case. Thus the transaction is not illegal in the place where made. It is not illegal under our law.
Section 210 of the Civil Practice Act provides that every “ action must be prosecuted in the name of the real party in interest ’ ’. The rule is well settled that an absolute assignment confers upon the assignee such title or ownership as will enable him to sue upon it under section 210 of the Civil Practice Act, even though the assignment were made for the purpose of suit only and the assignee is under obligation to account to the assignor for the proceeds. (Meeker v. Claghorn, 44 N. Y. 349, 353; Titus v. Wallick, 306 U. S. 282, 289 and cases cited.) Hence under our law the plaintiff does not lack legal capacity to bring the action.
The motion was made, as was stated above, on the ground that the plaintiff does not have legal capacity to sue. On that motion we do not reach the further question whether this cause of action, which counsel persist in trying to litigate in this jurisdiction, does not properly belong in Argentina. As Judge Seabs pointed out in the Kittinger case (supra, p. 257): “ On the motion to dismiss the complaint under subdivision 3 of rule 107 of the Buies of Civil Practice, the exercise of discretion as to entertaining the action was not called for. It was a denial of the plaintiff’s claim as stated in his complaint as a matter of right which was demanded. ’ ’ The question of discretion to entertain the action was not here argued and the court may not, therefore, pass upon it. The motion is denied.