HENRY HOLMES, an Infant, by MODENER HOLMES, His Guardian ad Litem, Appellant, *v.* THE STAIB ABENDSCHEIN COMPANY, INC., Respondent.

First Department, November 4, 1921.

Infants — disabilities in general — guardian ad litem — failure to appoint guardian ad litem prior to service of summons is mere irregularity not going to jurisdiction of court — infant plaintiff entitled to order appointing guardian ad litem nunc pro tunc.

The failure to appoint a guardian *ad litem* for an infant prior to the service of the summons is a mere irregularity not going to the jurisdiction of the court.

Hence, an infant plaintiff was entitled to have a proper and suitable person appointed as guardian *ad litem* for him as of a date prior to the commencement of the action, where, before the court ruled upon defendant's motion to dismiss the complaint, plaintiff's counsel made application for such an appointment.

APPEAL by the plaintiff, Henry Holmes, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 5th day of April, 1921, upon the dismissal of the complaint at the opening of the trial and before a jury was impaneled, upon the ground that no order was made appointing a guardian *ad litem* for the infant plaintiff until six days after the service of the summons herein.

*Jacob Zelenko* of counsel [*Sanders, Zelenko & Polstein,* attorneys], for the appellant.

*H. H. Brown* of counsel [*Benjamin C. Loder,* attorney], for the respondent.

MERRELL, J.:

The action was to recover for personal injuries alleged to have been sustained by the infant plaintiff because of the negligence of the defendant. Before the court ruled upon defendant's motion to dismiss the complaint, counsel for the plaintiff made application that the court enter an order appointing plaintiff's father or some other suitable person as guardian *ad litem nunc pro tunc* as of the date the summons was served. Upon said application of the plaintiff being denied by the court, the plaintiff asked leave to apply at Special Term for the same relief, which application the court also denied, the court holding that it was powerless to grant the plaintiff the relief which he sought, and thereupon, upon motion of the defendant, the court dismissed the complaint.

I think the court clearly erred in thus dismissing the complaint. The law is reasonably well settled that the failure to appoint a guardian *ad litem* prior to the service of the summons is a mere irregularity not going to the jurisdiction of the court. Such being the case the court should have granted plaintiff's application, and directed the entry of an order appointing a proper and suitable person as guardian

*ad litem* for the plaintiff as of a date prior to the commencement of the action. Title 1 of chapter 8 of the Code of Civil Procedure expressly provides for correcting " mistakes, omissions, defects, and irregularities," and by section 723 of said title it is provided that the court may, upon the trial or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case. There can be no question but that the court had jurisdiction of the parties to this action and of the subject-matter thereof, and, therefore, the provision of the Code of Civil Procedure (§ 469) which requires that before a summons is issued in the name of an infant plaintiff a competent and responsible person must be appointed to appear as his guardian for the purposes of the action, is entirely a matter of procedure, and in nowise relates to the jurisdiction of the court. The Court of Appeals, in *Rima* v. *Rossie Iron Works* (120 N. Y. 433) settled the law upon this subject. In that case, Judge Vann, writing for a unanimous court, collated a large number of authorities holding with practical unanimity that the failure to appoint a guardian *ad litem* of an infant plaintiff prior to the service of the summons was not a jurisdictional defect, but a mere irregularity in procedure which might be cured upon application to the court. There, a motion was made at the close of the evidence for a nonsuit upon the ground, among others, that the plaintiff, although under age, was prosecuting the action without a guardian *ad litem*, whereupon an application was made to the court, as in the case at bar, for the appointment of a guardian *nunc pro tunc*. The application was granted, and before the case was submitted to the jury an order was entered in the minutes of the court appointing such guardian *ad litem*, the order providing that all pleadings therein be amended accordingly, and that the said order be entered as of a date previous to the service of the summons. Upon appeal to the Court of Appeals the action of the trial court was approved as within the sound discretion of the court. In the case at bar the court did not deny plaintiff's applica-

tion in the exercise of its discretion, but because the court conceived that it had no power to grant the application.

The judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide event.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.