Daly, J.
The defendant appearing specially moves for an order “ vacating and setting aside the interlocutory decree entered herein on the 17th day of June, 1955 and dismissing the complaint upon the ground that the Court did not acquire jurisdiction of the person of the defendant by reason of his being under age, and upon the ground that plaintiff has failed to comply with the law pertaining to the entry of judgments against those in Military Service.” Cross motion by the plaintiff for an order directing the defendant to appoint a guardian ad litem within five days after he receives notice of entry of the order hereon and upon his failure so to appoint a guardian *432 ad litem, plaintiff be permitted to appoint one and for a direction to the defendant to pay plaintiff counsel fees for defending his motion.
Plaintiff sued the defendant for divorce. A deputy sheriff of the County of Middlesex, State of Massachusetts, served a copy of the summons and verified complaint upon the defendant personally at Fort Devens, Ayer, Massachusetts, on April 1, 1955. On the same day, the defendant executed a verified notice of appearance wherein he also waived “ service of all future papers in this action.” According to the defendant’s affidavit, he was at the time of the service of process confined to the military post stockade at Fort Devens, Massachusetts, awaiting trial by court-martial. The person serving the papers upon him, according to the defendant, informed him that he must sign the paper, apparently referring to the verified general appearance, which he did without knowing its legal effect and without obtaining legal advice. He also claims that he was then as he is now an infant over the age of fourteen years, having been born on March 3,1936, That is supported by the affidavit of his mother who also states that her son’s marriage to the plaintiff took place without her consent or the consent of his father, and that at no time was either served with a copy of the summons and complaint herein.
Upon the basis of this proof, the court finds as a fact that the defendant was an infant at the time process was served upon him in this action and that a copy of said process was not served, as required by subdivision 1 of section 225 of the Civil Practice Act, by delivering a copy thereof “ to his father, mother or guardian, or if there be none within the state, to the person having the care and control of him, or with whom he resides, or in whose service he is employed ”. The court also finds that no guardian ad litem was ever appointed to appear for the defendant in this action, as required by section 202 of the Civil Practice Act, either on the application of the defendant or “ by any other party to the action ” (Civ. Prac. Act, § 203). Under these circumstances, the service of the summons and complaint upon the defendant alone was ineffectual and did not confer jurisdiction of his person.
Accordingly, the defendant is entitled to vacate the judgment entered against him since the defect in the service of process hereinbefore referred to was jurisdictional and any judgment entered was void and not voidable merely. (Issem v. Slater, 262 App. Div. 59.) The fact that the defendant signed the notice of appearance and waiver above referred to does not alter the *433 situation since he was then an infant and had no guardian ad litem. Indeed, it has been held that where no guardian ad litem has been appointed for an infant “an appearance in his behalf by an attorney has no legal effect ” (Leahy v. Hardy, 225 App. Div. 323, 325) and section 492 of the Civil Practice Act provides that a judgment by default shall not be taken against an infant defendant until twenty days have expired since the appointment of a guardian ad litem for him.
It follows that the defendant’s motion must be granted to the extent of vacating the judgment and all proceedings subsequent to the service of a copy of the summons and complaint upon the defendant personally. That service, as stated by the late Mr. Justice Thomas C. Kadien, Jb., of this court in Bari v. Bari (N. Y. L. J., Feb. 4, 1944, p. 477, col. 7) was merely the first step in the service of process upon the infant defendant; “ it is still incumbent on the plaintiff to serve the other persons referred to in section 225 of the Civil Practice Act, ‘ and when that shall have been done, service on the defendant will be complete and jurisdiction acquired ’ (Ward v. Ward, 136 Misc. 234).” The plaintiff’s cross motion is in all respects denied. Her application for the appointment of a general guardian of the defendant cannot be made at this time (see Civ. Prac. Act, § 203) and since the court has not yet acquired jurisdiction of the person of the defendant, it has no power to direct him to pay counsel fees.
Settle two orders.