Matthew M. Levy, J.
In this action for separation, after a marriage ceremonialized and consummated in this State, the plaintiff wife has moved for temporary relief to the extent of seeking alimony for herself, support for the child of the parties, and an allowance for her counsel. Both of the parties were and are residents of this State, and the defendant was personally served here with the summons, complaint, notice of motion and supporting affidavits. An attorney appeared generally for the defendant and contests the application on the merits.
Thus far, it would seem that this is the usual case of a suit for matrimonial separation and the concomitant application for temporary relief, to he decided on the facts adduced, with no problem of jurisdiction. But the record shows that the child of the parties is not the lone infant in the case. It appears that both the plaintiff and the defendant are themselves under 21 years of age. The defendant (through his attorney) not only defends on the merits, but also objects to the jurisdiction of the court as to the subject matter of the action in that guardians ad litem have not been appointed for the respective parties; and the defendant further objects to the jurisdiction of the court over his person in that he alone was served with process.
There is, in my view, no jurisdictional defect as to subject matter arising from the present state of the litigation. The suit is one for a matrimonial separation, and the applicable juris *470 dictional conditions required to support such an action are specified in section 1165-a of the Civil Practice Act, as follows:
‘ ‘ An action * * * for separation may be maintained in either of the following cases:
‘11. Where both parties are residents of the state when the action is commenced.
“ 2. Where the parties were married within the state and either the plaintiff or the defendant is a resident thereof when the action is commenced. ’ ’
These conditions have all been satisfied here, whatever subdivision is relied upon.
Nor does the absence of a guardian ad litem for the plaintiff denude the court of jurisdiction over the subject matter. That is a defect which can be cured nunc pro tunc and without prejudice to the proceedings already had (Rima v. Rossie Iron Works, 120 N. Y. 433; Holmes v. Staib Abendschein Co., 198 App. Div. 354). As I see it, even the absence of a guardian ad litem for the defendant does not deprive the court of jurisdiction of the subject matter of the action. Linder v. Castro (120 N. Y. S. 2d 612) is cited to the contrary. In that case the Appellate Term of this court, in a Per Curiam opinion, stated (p. 613): “ Failure to have a guardian ad litem appointed for an infant defendant is a jurisdictional defect. C. P. A., § 202. Jurisdiction is not acquired because service of a summons is made as required by O. P. A., § 225.” It is not clear whether my learned colleagues in the Appellate Term were referring to jurisdiction over the subject matter or over the person of the defendant. But whether the ratio decidendi of the case is on one issue or the other I must express my disagreement. And in that respect, I am not alone (see Prashker on New York Practice [3rd ed.], p. 259, n. 17).
The difficult question presented here is the one of jurisdiction over the person of the defendant. Section 225 of the Civil Practice Act provides as follows:
“ § 225. Personal service of summons upon a natural person. Personal service of the summons upon a defendant being a natural person must be made by delivering a copy thereof within the state as follows:
“ 1. If the defendant be an infant, to his father, mother or guardian, or if there be none within the state, to the person having the care and control of him, or with whom he resides, or in whose service he is employed, and if the infant be of the age of fourteen years, or over, also to the infant in person.”
The proof before me is that process was served upon the defendant only- — not, as the statute requires, also upon his *471 father, mother or guardian, or if there be none within the state upon the person whom I might describe as being in loco parentis. That omission is particularly aggravating in the case at bar because the plaintiff was at all times fully aware that the defendant is an infant — and, indeed, she so states that as a fact in the moving papers. And it is made plain from an examination of the record that a guardian ad litem was never appointed to appear for the defendant in this action (Civ. Prac. Act, §§ 202, 203). In these circumstances, I hold that the court has no jurisdiction over the person of the defendant (Wiberg v. Wiberg, 1 Misc 2d 431), even where, as here, there has been an appearance in his behalf by an attorney (Leahy v. Hardy, 225 App. Div. 323, 325) and that attorney has contested the plaintiff’s application on the merits as well as having raised the jurisdictional objections. (Civ. Prac. Act, § 236.) And I say this, notwithstanding that I recognize that where a competent adult defendant is concerned the interposition of a defense on the merits is a waiver of any objection that the defendant may have as to the jurisdiction of the court over his person (Henderson v. Henderson, 247 N. Y. 428; Matter of East Riv. Sav. Bank [Morsyl Realty Corp.], 294 N. Y. 356).
Accordingly, the motion is denied, and an order has been entered to that effect.