William Lyman, J.
The application of the defendant Ralph Masncci, to be tried without a jury, is denied.
Section 2 of article I of the New York State Constitution provides in part that a trial by jury may be waived by a defendant in all criminal cases, except those in which the crime charged may be punishable by death, by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense. The Legislature may enact laws not inconsistent therewith governing the form, content, manner and time of presentation of the instrument effectuating such waiver.
As to the need for legislative implementation of this constitutional provision, the Court of Appeals has sustained the rulings of both the Appellate Division and the trial court that this provision is self-executing and needs no further action by the Legislature (People v. Carroll, 7 Misc 2d 581, affd. 4 A D 2d 537, affd. 3 N Y 2d 686).
The language of section 2 of article I of the State Constitution with particular reference to the prerequisite of a written instrument to be signed by the defendant in open court before and with the approval of the trial court has yet to receive the interpretation of an appellate tribunal.
However, a ruling on the trial court level was recently made by Mr. Justice Matthew Levy of the Supreme Court, Special Term, First Department, in the Matter of Scott v. McCaffrey (12 Misc 2d 671), wherein he held that the constitutional language with respect to a jury trial waiver, to wit, “ the approval of a judge or justice of a court having jurisdiction to try the offense ” simply meant that such approval pertained to the form of the written instrument executed and no more; that the trial court has no discretion in the disapproval of a waiver of a jury trial if it is satisfied that the accused competently and informedly knows the nature and consequences of his waiver.
The court differs with the interpretation given to the constitutional language in question by Mr. Justice Levy and believes that he was guided to such conclusion primarily because of the youth of the petitioner who was just over the age of 16 years.
*27 In any event, his interpretation is merely a guide and not controlling upon this court in the absence of any specific prohibition provided by the processes of the law.
Moreover, the second count of the instant indictment charges the three defendants therein with the crime of conspiracy in that they conspired to commit the crime of extortion. This count relates to a substantive crime, as distinguished from a mere allegation of concerted action, and this court believes that the guilt or innocence of this charge as to all the defendants herein should be resolved by the same determinative agency; that is, the trial jury and not by both the trial jury and the court.