Benjamin Brenner, J.
The petitioner religions corporation herein seeks the “ consent and approbation ” of a Justice of this court to the filing of a proposed amended certificate of incorporation pursuant to article 9 (§§ 180-183) of the Religious Corporations Law. Section 180 requires such ‘ ‘ consent and approbation.” As has been aptly said, a determination to grant or deny such “ consent and approbation ” does not and cannot indicate approval or disapproval of the religious beliefs of the group involved (Matter of New York Soul Clinic, 208 Misc. 612).
Needless to say, it is fortunate that in this country the practice of or belief in any religion or theology cannot be restricted by any governmental body. These are fundamental rights guaranteed to us by the First and Fourteenth Amendments to the Constitution and by the Constitutions of every State in the Union. In New York State this freedom is guaranteed to us by section 3 of article I of the New York Constitution. Yet, when a group *533 of individuals seek recognition as a corporate entity to exercise freedom of worship as a corporate body, they must conform their corporate endeavor to the provisions of the laws which give them this privilege. The proposed amended certificate herein does not conform to the laws of this State in several respects and cannot therefore receive my ‘1 consent and approbation.”
The proposed amended certificate provides that the religious corporation shall have certain powers. Section 181 of the Religious Corporations Law provides that upon the filing of the certificate of incorporation (after receiving the 11 consent and approbation ” of a Justice of the Supreme Court), the trustees “ * * * shall be a body politic and corporate, with all the rights, powers and duties, and subject to all the restrictions and obligations and other provisions, so far as the same may be applicable and consistent with this article, specified and contained in the act entitled ‘ An act for the incorporation of benevolent, charitable, scientific and missionary societies, ’ passed April twelfth, eighteen hundred and forty-eight * * This act (L. 1848, ch. 319), among other things, provides a limitation on the amount of real and personal property which may be held in the corporate name and also provides for a limitation on the amount which the corporation may take by virtue of any devise or bequest. The powers enumerated in the proposed amended certificate do not conform to these limitations.
It should be noted that article 9, while it requires the setting forth of the purposes of the corporation (§ 180; Matter of New York Soul Clinic, 208 Misc. 612, supra), does not require the setting forth of powers. "While such setting forth is not in itself fatal, the setting forth of powers inconsistent with the law is. Additionally, section 180 requires that not less than five of the seven trustees shall not be “ ministers of the gospel or priests of any denomination.” A statement to this effect is not included in the proposed amended certificate.
For the reasons stated above the application must be denied.