Matthew M. Levy, J.
This is a motion by certain defendants to dismiss the complaint for insufficiency on the grounds that it appears on the face thereof that it does not state a cause of action (Rules Civ. Prae., rule 106, subd. 4), that the plaintiff does not have legal capacity to sue (Rules Civ. Prae., rule 106, subd. 2) and that there is another action pending between the same parties for the same cause (Rules Civ. Prae., rule 106, subd. 3). Based upon a supporting affidavit, the defendants also move, in the alternative, under rule 107 of the Rules of Civil Practice, to dismiss the complaint in that the plaintiff has not legal capacity to sue (subd. 2), that there is another action pending between the same parties for the same cause (subd. 3), and that there is “ pending an application for a final order of a court of competent jurisdiction rendered on the merits determining the same cause of action between the parties.” (In presenting this last ground for dismissal of the complaint, the defendants are presumably invoking, in anticipatory fashion, subdivision 4 of rule 107. The “ final order ” which was expected to be forthcoming on the basis of the defendants’ “ pending ” “ application ” therefor has been made since the service of the motion papers. It has been entered in the same proceeding referred to by the defendants, and hereinbefore noted by me, as £ £ another action pending between the same parties for the same cause The legal issue is the same in either case and will be treated accordingly.)
The action, in the main, seeks to require the defendant Maurice Fisher to comply with the terms of certain stockholders ’ agreements annexed to the complaint. A reading of the complaint and the underlying exhibits readily indicates that a sufficient cause of action for specific performance is stated. An *214 agreement affecting personal rights and personal property may be specifically enforced (Cushman v. Thayer Mfg. Jeivelry Co., 76 N. Y. 365; McNamara v. McNamara, 256 App. Div. 370). An agreement by all of the stockholders of a corporation to vote for certain persons as directors is not unlawful and will be specifically enforced when there is no interference with the rights of creditors or minority stockholders (Clark v. Dodge, 269 N. Y. 410). The motion to dismiss under subdivision 4 of rule 106 of the Rules of Civil Practice is therefore denied.
It appears to be assumed by both of the parties that legal incapacity of the plaintiff to sue may be shown by proof that she had made an assignment of her rights by virtue of the stockholders’ agreements referred to. I do not so understand the meaning of the expression — lack of “ legal capacity to sue ” — as used in rules 106 and 107 of the Rules of Civil Practice. Assuming, as claimed by the defendants, that an assignment of her stock and rights is explicitly and plainly shown in the basic agreements relied upon by the plaintiff and annexed to the pleading, then the defect to be urged is that the complaint does not state a cause of action in favor of the one who is suing, the alleged assignor — not that the plaintiff does not have legal capacity to sue. Legal incapacity, as properly understood, generally envisages a defect in legal status, not lack of a cause of action in one who is sui juris (Kittinger v. Churchill Evangelistic Assn., 239 App. Div. 253, 256-257). The distinction was succinctly and — in the light of later social progress in the development of the law — quaintly touched upon by Judge Hiram Denio in Bank of Havana v. Magee (20 N. Y. 355, 359): “ The objection is not, I conceive, that the plaintiff has not a capacity to sue, but that no person, natural or artificial, is named as plaintiff. Certain persons, as infants, idiots, lunatics and married women, cannot sue except by guardians, next friends, committees, or in the case of married women, by joining their husbands in certain cases.” Many years later, after the legislative emancipation of women in coverture, under the Married Women’s Property Acts (see Domestic Relations Law, § 51, and its predecessor statutes), the Court of Appeals adverted to the matter in language more modern: ‘ ‘ There is a difference between capacity to sue, which is the right to come into court, and a cause of action, which is the right to relief in court. Incapacity to sue exists when there is some legal disability, such as infancy or lunacy or a want of title in the plaintiff to the character in which he sues. The plaintiff was duly appointed receiver and has a legal capacity to sue as such, and, hence, could bring the defendants into court by *215 the service of a summons upon them even if he had no cause of action against them. On the other hand, an infant has no capacity to sue, and, hence, could not lawfully cause the defendants to be brought into court even if he had a good cause of action against them.* Incapacity to sue is not the same as insufficiency of facts to sue upon. * * * We think that the plaintiff had capacity to sue, but that his complaint stated no cause of action of which the County Court had jurisdiction.” (Vann, J., in Ward v. Petrie, 157 N. Y. 301, 311-312.)
Naught need be added but to point out that if, in pressing this branch of their motion, the defendants were subconsciously seeking a legalistic throwback to the last century and were contending that the plaintiff could not sue without joining her husband, the Civil Practice Act has specifically come to the rescue of the validity of the plaintiff’s action as instituted and pleaded: ‘£ A married woman may be a party in the same manner as if she were single. Her husband is not a necessary or proper party solely because of his relationship as such husband” (§ 200).
But whether we treat the asserted defect to be that of insufficiency of the complaint to state a cause of action or that the plaintiff does not have legal capacity to sue, the attack upon the complaint is baseless. The plaintiff alleges that she is the record owner and holder of 50% of the corporate stock. That is sufficient to enable her to maintain an action to enforce her rights. Accordingly, the motion to dismiss — whether in pursuance of subdivision 2 of rule 106 or of subdivision 2 of rule 107 —on the ground that the plaintiff has not legal capacity to sue is denied. The fact that the plaintiff has given her husband a proxy and appointed him her agent in corporate affairs (which is what the agreement between the parties really provides — cf. Stock Corporation Law, § 47-a) does not denude the plaintiff of her status as a principal, and thus of her rights as the stockholder (5 Fletcher’s Cyclopedia Corporations [Perm, ed.], § 2062; General Corporation Law, § 19; 159 A. L. R. 307).
The next ground urged for dismissal is that, on the face of the complaint, it appears that there is another action pending between the same parties for the same cause. The contention is entirely specious. The complaint discloses nothing of the sort, and the motion to dismiss in pursuance of subdivision 3 of rule 106 is of course denied. Viewing the issue in the light of the new matter presented in the moving affidavit — which is permissible under subdivisions 3 and 4 of rule 107 — the conten *216 tion that there is such other action pending or that there has been an adjudication in such other action adversely affecting the plaintiff’s present suit, is also without merit. It seems that, in a prior proceeding instituted pursuant to section 25 of the General Corporation Law, the plaintiff sought to set aside the election of the present directors on the alleged ground that, under the certificate of incorporation and the by-laws, all directors were required to be stockholders of record and some of the elected directors were not. That is not the basis of the present suit. Here, the plaintiff seeks specifically to enforce the stockholders’ agreements providing for the election of the plaintiff as a director and to obtain related relief in connection with the remedy prayed for. Moreover, the summary proceeding under section 25 of the General Corporation Law did and would not permit a determination of the issues required to be resolved in this plenary action (cf. Matter of Bruder & Son, 302 N. Y. 52, 57). The causes set forth in the earlier proceeding, and in this action are entirely different. Accordingly, the motion to dismiss on the ground of pending action or prior adjudication is denied.
The defendants may answer within 10 days after service of a copy of the order hereon, with notice of entry.

 But see, as of now, Civ. Prac. Act, § 201; Randall v. Randall, 12 Misc 2d 468, 469-470; Matter of Scott v. McCaffrey, 12 Misc 2d 671, 673.