Charles A. Loreto, J.
Pursuant to article 9 of the Religious Corporations Law of the State of New York, a certificate of incorporation has been 'submitted for approval by a Justice of the Supreme Court.
It states:
1 ‘ 1. The name by which such society and church shall be known in law is jesús sobre las aguas. (Jesus Crossed Over the Waters.)
“ 2. The purpose of the organization is the founding and continuing of a free church, or churches, to be established within the County of Bronx, in the City and State of New York. The church shall be a non-profit organization. The church shall hold religious services and shall offer its facilities for the religious meditation and guidance of the membership and of the public at large. It shall also offer assistance to the needy and work for the social and spiritual betterment of the community.”
In paragraph 3 the certificate sets forth the names of seven persons designated as trustees to manage the church. In a letter of the attorney submitting the certificate for approval, he describes these individuals’ occupations as follows: a laundry machine worker and his wife, a laundry worker, a handbag machine operator and his wife, a packer, a cook and his wife and a housewife.
The Legislature did not intend by this act that a Justice of the Supreme Court is required perfunctorily to put his signature of approval to any certificate of incorporation on the bare statement of the subscribers that they propose to establish a church and to hold religious services, without more. Where *938 the purpose is the founding or continuing of one or more free churches, there .should be some statement of the nature of the religious doctrine or dogma that the proposed free church intends to expound and teach. (Matter of New York Soul Clinic, 208 Misc. 612.) This is absent in the certificate submitted and the occupations of its several .subscribers do not permit any inference to be drawn as to any particular religious beliefs or preaching that might be professed and propounded in the proposed church.
Freedom of worship is a natural right of every person, protected by our Federal and State Constitutions. This right will be respected and not denied nor infringed upon in our land. But what is termed 1 ‘ religious ’ ’ must be truly such and must be shown to be such on the application presented; otherwise, the statute could be used as a vehicle to cloak an organization of a different nature from that intended and permitted by it. Accordingly, the court declines to approve, the submitted certificate of incorporation.