Matthew M. Levy, J.
This is a stockholder’s derivative action involving United States Hoffman Machinery Corporation. The defendants Brewster and Hoffman Machinery (the subject corporation) move, upon the complaint and a supporting affidavit, ‘ ‘ for an order and judgment, pursuant to rule 107 of the Rules of Civil Practice, dismissing the amended complaint herein upon the ground that plaintiff has no legal capacity to sue and the amended complaint is insufficient in law for lack *1040 of allegations therein to excuse plaintiff’s failure to make a demand upon the corporate defendant to bring an action.”
Buie 107 permits the use of an affidavit in support of an application to dismiss the complaint upon the ground, among others, that “ the plaintiff has not legal capacity to sue ” (subd. 2). Insofar as I can gather the defendants’ contention from the papers submitted on this motion, they argue that the plaintiff does not have ‘‘ legal capacity to sue ’ ’ because of her failure to allege that she made a demand upon the corporation to bring the action, since it appears from the moving affidavit that such a demand would not have been futile.
On that issue, the defendants seem to be in some confusion — for “ [l]egal incapacity, as properly understood, generally envisages a defect in legal status, not lack of a cause of action in one who is sui juris” (Ohlstein v. Hillcrest Paper Co., 24 Misc 2d 212, 214). The failure to make the required demand upon the corporation (Flynn v. Brooklyn City R. R. Co., 158 N. Y. 493, 508) or to show that such a demand would be unavailing (O’Connor v. Virginia Passenger & Power Co., 184 N. Y. 46, 52) goes, in my view, not to the issue of the plaintiff’s capacity to sue, but rather to her having a cause upon which to sue.
The movants did not argue the following point, but I think it deserves mention — if only to make it clear that it has not been overlooked — since I assume that the movants did not invoke subdivision 2 of rule 107 as to alleged incapacity without some modicum of justification. In a stockholder’s action such as this, it is necessary for the plaintiff to show, in order that she may recover, that she was a “ stockholder at the time of the transaction of which [s]he complains” (General Corporation Law, § 61) and that she was a stockholder as well at the time of the commencement of the action (Miller v. Miller, 256 App. Div. 846, affd. 280 N. Y. 716; cf. Kaufman v. Wolfson, 1A D 2d 555). And, since incapacity to sue exists “ when there is some legal disability,” not only such as lunacy, but also such as “ a want of title in the plaintiff to the character in which [s]he sues ” (Ward v. Petrie, 157 N. Y. 301, 311), I shall assume that the absence of share-ownership at the critical time referred to is a disability of this nature. However, nothing whatsoever is presented in the moving affidavit to raise a factual issue on which that legal point may be grounded. Indeed, it is alleged in the amended complaint — and it is undenied by the moving defendants — that the plaintiff was at certain of the times in question and still is the owner of a number of the shares of the common capital stock of the subject corporation.
*1041 Insofar, then, as the defendants seek to dismiss the amended complaint upon the ground that the plaintiff does not have legal capacity to sue, the motion is denied.
The defendants move further, as I have said, to dismiss the amended complaint, purportedly pursuant to rule 107, in that ‘ ‘ the amended complaint is insufficient in law for lack of allegations therein to excuse plaintiff’s failure to make a demand upon the corporate defendant to bring an action.” If a complaint is attacked because it is allegedly “ insufficient in law,” then the pleading alone is before the court, and an affidavit cannot be read in support of the motion. (St. Regis Tribe v. State of New York, 5 N Y 2d 24, 36.) That is perhaps why— unlike rule 106 of the Rules of Civil Practice (which applies to a “ Motion for judgment on the complaint ”) —rule 107 (applying, as it does, to a “ Motion for judgment on the complaint and affidavit ”) does not contain a subdivision permitting a complaint to be dismissed for legal insufficiency (see subd. 4 of rule 106).
It should further be noted at this point that the instant application is not a motion for complete or partial summary judgment in pursuance of rule 113 or 114 of the Rules of Civil Practice, where not only are affidavits permitted, but are expected and required.
It is quite obvious that, insofar as the present prayer for relief is concerned, the movants have completely mistaken their remedy. Accordingly, the motion is denied in its entirety. On a companion motion made by the defendants, wherein they invoked subdivision 4 of rule 106 of the Rules of Civil Practice by way of alternative relief, I shall consider whether the complaint states facts sufficient to constitute a cause of action — that is, whether, on its face, the complaint is ‘1 insufficient in law. ’ ’ And, on that application, as I have said, the use of affidavits is impermissible. (See 24 Misc 2d 1041.)