Matthew M. Lett, J.
Plaintiff has instituted this stockholder’s derivative action in her own behalf and in behalf of all other stockholders of defendant United States Hoffman Machinery Corporation similarly situated, and on behalf of Hoffman Machinery. Certain defendants had heretofore moved to dismiss the original complaint on the grounds that plaintiff had no legal capacity to sue and that the allegations of said complaint did not excuse lack of demand upon defendant corporation to bring an action. The court (Creehberg, J.) granted the motion to dismiss, with leave to serve an amended complaint, stating: “ A majority of the named directors assumed their offices after the event. There is no allegation of participation, approval or knowledge on their part. Apparently the motion to dismiss is unopposed.”
An amended complaint was served. The corporate defendant and the individual defendant Brewster, an officer and former director of Hoffman Machinery, now move, pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice, to dismiss the amended complaint upon the ground that it fails to state facts sufficient to constitute a cause of action.
It is alleged in the amended complaint that Hoffman Machinery is a corporation duly organized under the laws of the State of Delaware and that plaintiff was a stockholder thereof at specified times, and these are the dates when the individual defendant’s conduct in respect of his fiduciary obligations to the corporation is questioned. Plaintiff also alleges that she is still a stockholder, owning 200 shares of common stock. Her status, therefore, to bring the action is adequately presented in the amended complaint (see, also, my opinion on a companion motion, 24 Misc 2d 1039).
As to the defect pointed out by my learned colleague when he dismissed the first complaint — that the allegations thereof did not excuse lack of demand upon the defendant corporation that it bring the action — the allegations in paragraph 29 of the amended complaint are sufficient, if proved upon the trial, to excuse the lack of demand. In that paragraph it is alleged that a demand upon Hoffman Machinery’s board of directors that it bring this action would have been futile and there are set forth seven reasons therefor, among which are that all the directors were dominated by the prime defendant Marcus and his associates, that each of the present directors has long had full
*1043 knowledge of the wrongs alleged and that in had faith the board failed and refused to seek redress therefor and that any action instituted by the present board would be friendly to the alleged malefactors and hostile to the subject corporation, Hoffman Machinery.
The movants next contend that the amended complaint fails to set forth substantive allegations of fact and instead pleads only conclusory allegations. Suffice it to say that, in the light of the well-established guide rules for the analysis of a pleading on a motion of this character (Cathedral Estates v. Purdy, N. Y. L. J. March 4, 1960, p. 14, col. 2, citing Sage v. Culver, 147 N. Y. 241, 245 and Russell v. Marboro Books, 18 Misc 2d 166,183), I have examined the amended complaint and find that there are sufficient and adequate allegations contained therein to constitute a cause of action. There are pleaded here acts of wrongdoing, of wrongful inaction, and also, insofar as the moving individual officer-director is concerned, breach of duty based upon lack of due care. If plaintiff can prove what she has alleged, she would be entitled to judgment in at least some aspect of her case in favor of the subject corporation.
The motion is denied, with leave to the movants to answer within 20 days after service of a copy of the order hereon with notice of entry.