THE ASCHER CORP., Plaintiff, *v.* GEORGE HORVATH, Defendant.

Supreme Court, Special Term, New York County, April 26, 1962.

*Frederick E. M. Ballon* and *Ernest Swiedler* for defendant. *Maurice Iserman* and *Avrom S. Waxman* for plaintiff.

MATTHEW M. LEVY, J. The defendant moves, pursuant to subdivision 2 of rule 107 of the Rules of Civil Practice, for an order dismissing the complaint upon the ground that the plaintiff does not have capacity to sue, in that it is a foreign corporation not qualified to do business in this State, is doing business in this State, and brings the action on a promissory note executed and delivered in this State.

The point has not been raised, and I shall not pass upon the question whether subdivision 2 of rule 107 is or is not available for the assertion of alleged incapacity under sections 210 and 218 of the General Corporation Law or whether the issue must

be raised on the basis of insufficiency of the complaint as pleaded, or lack of merit in the cause of action as proved. Suffice it for present purposes to note the pertinent language of the applicable statute and that of three opinions of the Court of Appeals.

Section 218 of the General Corporation Law, in its relevant portions, provides that: "A foreign corporation, other than a moneyed corporation, doing business in this state *shall not maintain any action* in this state upon any contract made by it in this state, unless before the making of such contract it shall have obtained a certificate of authority" in conformity with section 210 (emphasis supplied). In *Wood & Selick* v. *Ball* (190 N. Y. 217, 225) the court said: "We think that compliance with section 15 [now § 210] of the General Corporation Law should be *alleged and proved* by a foreign corporation such as the plaintiff, *in order to establish* a *cause of action* in the courts of this state" (emphasis supplied). In *Mahar* v. *Harrington Park Villa Sites* (204 N. Y. 231, 234) the court said: "The only penalty which the General Corporation Law itself prescribes for a disregard of the provisions of this section is a *disablity to sue* upon such a contract in the courts of New York" (emphasis supplied). And, in *Ward* v. *Petrie* (157 N. Y. 301, 311–312) the court said: "There is a difference between capacity to sue, which is the right to come into court, and a cause of action, which is the right to relief in court. Incapacity to sue exists when there is some legal disability, such as infancy or lunacy or a want of title in the plaintiff to the character in which he sues. The plaintiff was duly appointed receiver and has a legal capacity to sue as such, and, hence, could bring the defendants into court by the service of a summons upon them even if he had no cause of action against them. On the other hand, an infant has no capacity to sue, and, hence, could not lawfully cause the defendants to be brought into court even if he had a good cause of action against them.* Incapacity to sue is not the same as insufficiency of facts to sue upon. * * * We think that the plaintiff had capacity to sue, but that his complaint stated no cause of action of which the County Court had jurisdiction." (Cf. *Hebrew Home for Orphans & Aged of Hudson County* v. *Freund,* 208 Misc. 658, 660–661; *Ohlstein* v. *Hillcrest Paper Co.,* 24 Misc 2d 212, 214–215; *Harris* v. *Averick,* 24 Misc 2d 1039, 1041; *Sorin* v. *Shahmoon Ind.,* 30 Misc 2d 408, 426.)

---

* But see, as of now, Civ. Prac. Act, § 201; *Randall* v. *Randall,* 12 Misc 2d 468, 469–470; *Matter of Scott* v. *McCaffrey,* 12 Misc 2d 671, 673.

On the issue as presented by the papers and the briefs, I find that the defendant makes no recital of any ultimate fact tending to overcome the presumption that the plaintiff foreign corporation conducts its business in the State of its organization. A telephone listing, the maintenance of a bank account here, and the alleged fact of the control of the plaintiff by its president, who has an office here, are insufficient per se to warrant dismissal. The contested questions of fact or conclusions therefrom are not to be decided upon the basis of affidavits pursuant to rule 107 (*FitzGerald* v. *City of Ogdensburg,* 284 App. Div. 767, 769; *Herzog* v. *Brown,* 217 App. Div. 402, affd. 243 N. Y. 599).

The motion to dismiss the complaint is therefore denied, but such denial is without prejudice to setting forth the appropriate allegations in the answer as a defense (Rules Civ. Prac., rule 108; *Conklin* v. *Palisades Interstate Park Comm.,* 278 App. Div. 588).

The defendant may serve an answer accordingly within 10 days after the service of a copy of this order with notice of entry.